UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEROD ROBINSON,

    Petitioner,

v.

    Civil Action 2:14-CV-10617
    HONORABLE GERSHWIN A. DRAIN
    UNITED STATES DISTRICT COURT

KEN ROMANOWSKI,

    Respondent,

_____/

**OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

**I. INTRODUCTION**

Gerord Robinson, ("Petitioner"), incarcerated at the Macomb Correctional Facility in New Haven, Michigan, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for first-degree murder, M.C.L.A. 750.316; assault with intent to commit murder, M.C.L.A. 750.83; felon in possession of a firearm, M.C.L.A. 750.224f; and three counts of felony-firearm, M.C.L.A. 750.227b. Respondent filed a Motion for Summary Judgment, contending that Petitioner failed to comply with the statute of limitations contained in 28 U.S.C. § 2244(d)(1). For the reasons stated below, the Petition for Writ of Habeas Corpus is **SUMMARILY DENIED.**

1

## II. BACKGROUND

Mr. Robinson was convicted following a jury trial in the Kalamazoo County Circuit Court. Mr. Robinson's direct appeals with the Michigan courts ended on February 7, 2011, when the Michigan Supreme Court denied Petitioner leave to appeal following the affirmance of his conviction by the Michigan Court of Appeals. *People v. Robinson,* 488 Mich. 1041; 793 N.W. 2d 701 (2011).

Mr. Robinson filed a post-conviction motion for relief from judgment with the trial court on November 1, 2011. After the trial court denied Petitioner's post-conviction motion, and the Michigan Court of Appeals affirmed that denial, collateral review of Mr. Robinson's conviction ended in the state courts on July 30, 2013, when the Michigan Supreme Court denied petitioner leave to appeal from the denial of his post-conviction motion. *People v. Robinson*, 494 Mich. 885; 834 N.W.2d 498 (2013).

The Petition for Writ of Habeas Corpus was signed and dated February 7, 2014.[1]

## III. ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. *See Corbin v. Straub,* 156

---

[1] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on February 7, 2014, the date that it was signed and dated. *See Towns v. U.S.,* 190 F.3d 468, 469 (6th Cir. 1999).

2

F. Supp. 2d 833, 835 (E.D. Mich. 2001). The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Although not jurisdictional, the AEDPA's one-year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F. 3d 252, 260 (6th Cir. 2009). A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

Mr. Robinson's direct appeal of his conviction ended when the Michigan Supreme Court denied Petitioner leave to appeal on February 7, 2011. Mr. Robinson's conviction became final, for the purposes of the AEDPA's limitations period, on the date that the 90-day time period for seeking certiorari with the U.S.

3

Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Mr. Robinson's judgment therefore became final on May 8, 2011, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Holloway*, 166 F. Supp. 2d at 1188. Absent equitable or statutory tolling, Mr. Robinson had until May 8, 2012 to timely file his habeas petition with this Court.

Mr. Robinson filed a post-conviction motion for relief from judgment with the state trial court on November 1, 2011, after 176 days had elapsed on the one year statute of limitations.[2] The United States Code, 28 U.S.C. § 2244(d)(2), expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. *Corbin v. Straub,* 156 F. Supp. 2d at 836. A post-conviction application remains pending in the state courts, for purposes of § 2244(d)(2), until it "has achieved final resolution through the state's

---

[2] The Court recognizes that Mr. Robinson's post-conviction motion for relief from judgment was signed and dated October 18, 2011. (See Respondent's Appendix B). Although Michigan now recognizes a type of prison mailbox rule, it is applicable only "[t]o appeals from administrative agencies, appeals from circuit court (both claims of appeal and applications for leave to appeal), and appeals from decisions of the Court of Appeals to the Supreme Court." See Staff Comment to February 25, 2010 Amendment, foll. M.C.R. 7.105, 7.204, 7.205, 7.302. Michigan's post-conviction court rules do not contain a prison mailbox rule for the filing of a post-conviction motion for relief from judgment with the trial court. *See* M.C.R. 6.500, *et. Seq.* The federal mailbox rule cannot be applied by a federal habeas court to determine that a prisoner's state post-conviction pleading has been timely filed, where the mailbox rule has not been recognized by that state's appellate courts. *See e.g. Vroman v. Brigano,* 346 F.3d 598, 603-04 (6th Cir. 2003). Moreover, under Michigan's mailbox rule, "[T]imely filing may be shown by a sworn statement, which must set forth the date of deposit and state that first-class postage has been prepaid." M.C.R. 7.204(A)(2)(e), M.C.R. 7.205(A)(3), M.C.R. 7.302(C)(3). There is nothing in Mr. Robinson's Motion indicating the date that he actually deposited it in the prison mail system or that he had prepaid first-class postage. In the absence of any such indication, Mr. Robinson would not be entitled to invoke Michigan's prison mailbox rule even if it applied to his post-conviction motion for relief from judgment.

4

post-conviction procedures." *Carey v. Safford,* 536 U.S. 214, 220 (2002). The tolling of the AEDPA's one year statute of limitations ended in this case when the Michigan Supreme Court denied Petitioner's Application for Leave to Appeal regarding the denial of his motion for relief from judgment on July 30, 2013. *Hudson v. Jones*, 35 F. Supp. 2d 986, 988-989 (E.D. Mich. 1999). Mr. Robinson had 189 days remaining from this date, which would have been no later than February 4, 2014, to timely file his Petition with this Court. Because the petition was not filed until February 7, 2014, the Petition is untimely.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). However, "the doctrine of equitable tolling is used sparingly by federal courts." *See Robertson v. Simpson*, 624 F. 3d 781, 784 (6th Cir. 2010). The burden is on a habeas petitioner to show that he or she is entitled to the equitable tolling of the one year limitations period. *Id.*

Mr. Robinson is not entitled to equitable tolling of the one year limitations period because he failed to argue that circumstances of his case warranted equitable tolling. *See Giles v. Wolfenbarger,* 239 Fed. Appx. 145, 147 (6th Cir. 2007).

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo,* 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 133 S. Ct. 192, 1928 (2013). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are

rare[.]" *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S., at 329). Moreover, in determining whether petitioner makes out a compelling case of actual innocence, so as to toll the AEDPA's limitations period, "'the timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence." *Id.* (quoting *Schlup,* 513 U.S. at 332). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

Mr. Robinson's case falls outside of the actual innocence tolling exception because Petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis,* 417 F.3d 552, 556 (6th Cir. 2005). Although Mr. Robinson claims that it was the front-seat passenger in the car of which he was riding who was the principal shooter, Mr. Robinson admits being in the vehicle and firing two gunshots. Because any evidence regarding the weaknesses in the witnesses' identifications of Mr. Robinson as the principal shooter would have not refuted Petitioner's involvement in these crimes as an aider and abettor, Mr. Robinson is not entitled to tolling of the limitations period under the

6

actual innocence exception. *See Knickerbocker v. Wolfenbarger*, 212 Fed.Appx. 426, 434 (6th Cir. 2007).  Likewise, Mr. Robinson's claim that he fired his weapon in self-defense amounts to a claim of legal innocence, as opposed to factual innocence, and would also not toll the limitations period. *See e.g. Harvey v. Jones,* 179 Fed.Appx. 294, 298-99 (6th Cir. 2006) (collecting cases).

## IV.  <u>CONCLUSION</u>

The Court determines that the current habeas petition is barred by the AEDPA's one year statute of limitations contained in § 2244(d)(1).  The Court will summarily dismiss the current Petition.

The Court will also deny Petitioner a Certificate of Appealability.  Title 28 U.S.C. Section 2253(c)(1)(A) and Federal Rule of Appellate Procedure 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge.  If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. FED. R. APP. P. 22(b).  To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the

petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court will deny Mr. Robinson's Petition for a Certificate of Appealability because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. *See Grayson v. Grayson,* 185 F.Supp.2d 747, 753 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *See Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **SUMMARILY DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED that a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** Leave to Appeal *In Forma Pauperis.*

/s/Gershwin A Drain
**HON. GERSHWIN A. DRAIN**
UNITED STATES DISTRICT JUDGE

DATED: October 29, 2014

8