UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERORD ROBINSON,

    Petitioner,

v.

KEN ROMANOWSKI,

    Respondent.

Case No. 14-cv-10617

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

_____/

## OPINION AND ORDER DENYING THE RULE 60(B) MOTION FOR RELIEF FROM JUDGMENT [#21] AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*

Presently before the Court is Petitioner Gerord Robinson's Motion for Relief from Judgment. Dkt. No. 21. Petitioner is incarcerated at the Macomb Correctional Facility in New Haven, Michigan. On February 10, 2014, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1. Petitioner's petition challenged his conviction for first-degree murder, assault with intent to commit murder, felon in possession of a firearm, and three counts of felony-firearm. *Id.* On October 29, 2014, this Court summarily dismissed the petition on the ground that it had been filed outside of the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1) for filing habeas petitions. Dkt. No. 11. On December 18, 2015, the Sixth Circuit denied Petitioner permission to file a successive habeas petition.

1

Dkt. No. 19. On August 23, 2017, Petitioner filed the present Motion pursuant to Rule 60(b) for relief from judgment. For the reasons that follow, the Motion is DENIED.

A Rule 60(b) motion for relief from judgment may be used to advance one or more substantive claims following the denial of a habeas petition. Such motions may seek leave to present a claim that was omitted from the habeas petition, or present newly discovered evidence not presented in the petition, or seek relief from judgment due to an alleged change in the substantive law. *Gonzalez v. Crosby,* 545 U.S. 524, 531 (2005). These motions should be classified as a "second or successive habeas petition," which requires authorization from the Court of Appeals before filing, pursuant to the provisions of 28 U.S.C. § 2244(b). *See id.*

When a Rule 60(b) motion alleges a "defect in the integrity of the federal habeas proceedings," the motion should not be transferred to the circuit court for consideration as a second or successive habeas petition. *Gonzalez,* 545 U.S. at 532. A Rule 60(b) motion is not considered to be raising a claim on the merits when the motion "merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at 532, n.4.

Petitioner claims that this Court erred in failing to apply the prison mailbox rule to the date that he signed his state post-conviction motion for relief from

2

judgment and delivered it to prison officials for mailing on October 18, 2011. The trial court received Petitioner's post-conviction motion for relief from judgment on November 1, 2011. Therefore, this Court deemed Petitioner's motion filed, for purposes of the statute of limitations, on November 1, 2011. This Court declined to apply the prison mailbox rule to Petitioner's post-conviction motion for relief from judgment. This Court found that Michigan's prison mailbox rule does not apply to motions for relief from judgment that are filed with the state trial court pursuant to M.C.R. 6.500. *Robinson v. Romanowski*, No. 2:14-cv-10617, 2014 WL 5480808, at *2, n.2. The Sixth Circuit likewise rejected Petitioner's argument on appeal. Dkt. No. 17, pg. 3 (Pg. ID 1804). Petitioner claims that several judges in this district have concluded that the prison mailbox rule should be applied to 6.500 motions for relief from judgment. Therefore, this Court should deem them filed when the prisoner signs the motion and delivers it to prison officials for mailing.

Petitioner's Motion, which argues that this Court misapplied the federal statute of limitations set out in § 2244(d), constitutes a "true" 60(b) claim that attacks the integrity of the habeas proceedings and would not be considered a successive habeas petition. *See Gonzalez,* 545 U.S. at 533. However, courts should still deny motions for relief from judgment that attack the integrity of a previous habeas proceeding, but are still without merit. *Harris v. U.S.*, 367 F.3d 74, 82 (2d Cir. 2004). "A Rule 60(b) motion is properly denied where the movant attempts to use such a

3

motion to relitigate the merits of a claim and the allegations are unsubstantiated." *Miles v. Straub*, 90 Fed. App'x 456, 458 (6th Cir. 2004). A movant under Rule 60(b) likewise fails to demonstrate entitlement to relief when he simply rephrases the allegations that were contained in the original complaint. *See Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004). A habeas petitioner "may not raise arguments during [his] first federal habeas proceeding, lose those arguments, then raise the same arguments based on the same evidence in a Rule 60(b) motion." *Brooks v. Bobby*, 660 F.3d 959, 962 (6th Cir. 2011).

> A motion for relief from judgment can be granted for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.
>
> Fed. R. Civ. P. 60(b).

Petitioner is not entitled to relief from judgment because his 60(b) motion is untimely. The Federal Rules of Civil Procedure state that:

> A motion under Rule 60(b) must be made within a reasonable time-- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

4

Fed. R. Civ. P. 60(c)(1).

In this case, Petitioner filed his motion for relief from judgment on August 23, 2017—more than one year after this Court denied his habeas petition.

The fact that Petitioner has indicated that he is seeking relief from judgment pursuant to 60(b)(4), (5), and (6) does not alter this Court's analysis. Motions for relief from judgment that are subject to the one-year limitations period may not be disguised as motions with a more generous limitations period. *See Kalamazoo River Study Group v. Rockwell Intern.*, 355 F.3d 674, 588 (6th Cir. 2004). Petitioner argues that this Court made a mistake of law in failing to apply the prison mailbox rule to Petitioner's 6.500 motion. So there is a "precise fit" between the circumstances of the grounds raised by Petitioner for relief from judgment and subsection 60(b)(1). *See McCurry ex rel. Turner v. Adventist Health*, 298 F.3d 586, 596 (6th Cir. 2002). Therefore, it would be inappropriate for this Court to invoke the other subsections of Rule 60(b) to grant relief to Petitioner.

None of the other provisions of Rule 60(b) that are invoked by Petitioner are applicable to his case. A judgment is considered void, for purposes of 60(b)(4), "if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if [the court] acted in a manner inconsistent with due process of law." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995). However, a judgment that is based on Sixth Circuit precedent that is overruled by a subsequent Supreme Court

[or other] decision is not "void," as would permit relief from final judgment pursuant to 60(b)(4). *See Allstate Ins. Co. v. Mich. Carpenters' Council Health & Welfare Fund*, 760 F. Supp. 665, 668 (W.D. Mich. 1991). Rule 60(b)(5) likewise does not allow for relief from judgment merely because the case law relied on as precedent by the district court in rendering judgment has since been reversed. *Id.* Finally, a change in decisional law is usually not, in and of itself, an "extraordinary circumstance" that would merit Rule 60(b)(6) relief. *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001); *see also Agostini v. Felton*, 521 U.S. 203, 239 (1997) ("intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)"). Instead, courts have required an applicable change in law, coupled with some other special circumstance, in order to grant Rule 60(b)(6) relief. *Blue Diamond Coal Co.*, 249 F.3d at 524.

In any event, even if Petitioner's Rule 60(b) motion is timely, he is still not entitled to relief. Petitioner claims that this Court erred in failing to apply the prison mailbox rule in order to find that he timely filed his 6.500 motion. Petitioner cites to several opinions by judges in this district which have applied the prison mailbox rule to 6.500 motions. *See Shaykin v. Romanowski*, No. 14-cv-13399, 2016 WL 193381, at *5 (E.D. Mich. Jan. 15, 2016); *Moore v. Curley*, No. 11-13451, 2012 WL 3029779, at *1 (E.D. Mich. July 25, 2012).

6

"A change in the law which renders a previously dismissed habeas petition timely is not [a] sufficient extraordinary circumstance[ ] under Rule 60(b)(6) to grant relief from judgment." *Wogoman v. Abramajtys*, 243 Fed. App'x 885, 890 (6th Cir. 2007). This is particularly so where the decisions relied on by Petitioner involve unpublished district court decisions, which have no precedential value. *See Key v. Grayson*, 179 F.3d 996, 1001, n.3 (6th Cir. 1999).

This Court will deny Petitioner's Rule 60(b) motion, because Petitioner is merely using the motion to relitigate the statute of limitations issue. *See Miles*, 90 Fed. App'x at 458. Petitioner has also failed to show that this Court erred in dismissing his petition as barred by the one-year statute of limitations.

The Court will also deny Petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a circuit court or district court judge issue a certificate of appealability (COA). If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). A habeas petitioner is required to obtain a certificate of appealability before he can

appeal the denial of a 60(b) motion for relief from judgment which seeks to challenge the judgment in a habeas case. *See U.S. v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007).

A certificate of appealability should issue when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). An appeal of the district court's order may be taken if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right. *Id.* A petitioner must also show that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

Petitioner is not entitled to a certificate of appealability from the denial of his motion for relief from judgment. Petitioner has failed to make a substantial showing of the denial of a constitutional right or that this Court's procedural ruling was incorrect. The Court will therefore deny a certificate of appealability. *See Long v. Stovall,* 450 F. Supp. 2d 746, 755 (E.D. Mich. 2006). The Court will also deny the Petitioner leave to appeal *in forma pauperis* because the appeal would be frivolous. *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999).

Accordingly, the Court **DENIES** the Rule 60(b) motion for relief from judgment [Dkt. Entry # 21].

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

IT IS FURTHER ORDERED that Petitioner will be denied leave to appeal *in forma pauperis*.

SO ORDERED.

Dated: February 6, 2018

                                                           s/Gershwin A. Drain
                                                           HON. GERSHWIN A. DRAIN
                                                           United States District Court Judge