# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

GERORD ROBINSON,

  Petitioner,

                           Case No. 14-CV-10617

v.                            GERSHWIN A. DRAIN
                              U.S. DISTRICT COURT JUDGE

KEN ROMANOWSKI,

  Respondent,

_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION FOR AN EXTENSION OF TIME TO FILE A NOTICE OF APPEAL FROM THE DENIAL OF THE MOTION FOR RECONSIDERATION (Doc. 25) AND DENYING PETITIONER A CERTIFICATE OF APPEALABILITY

Gerord Robinson, ("Petitioner"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was summarily dismissed because it had been filed outside of the one year statute of limitations contained in 28 U.S.C. § 2244(d)(1) for filing habeas petitions. *Robinson v. Romanowski*, No. 2:14-CV-10617, 2014 WL 5480808 (E.D. Mich. Oct. 29, 2014); *app. dism.* No. 14-2590 (6th Cir. May 19, 2015); *cert. den.* 136 S. Ct. 803 (2016).

Petitioner filed a Rule 60(b) motion for judgment, which was denied on February 6, 2018. On August 10, 2018, this Court denied petitioner's motion for reconsideration from the denial of his Rule 60(b) motion. (Doc. 25).

Petitioner has now filed a motion for an extension of time to file an appeal from the denial of the motion for reconsideration. Petitioner also filed a notice of appeal on October 5, 2018. The case remains pending in the Sixth Circuit pending a ruling by this Court on a certificate of appealability on the denial of the motion for reconsideration. See U.S.C.A. No. 18-2195.

Fed. R. App. P. 4 (a)(1) states that a notice of appeal must be filed within thirty days of the entry of the judgment or order from which the appeal is taken. This time limit is mandatory and jurisdictional. *Browder v. Director, Department of Corrections of Illinois*, 434 U.S. 257, 264 (1978). The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. *Rhoden v. Campbell*, 153 F. 3d 773, 774 (6th Cir. 1998). Because more than thirty days have elapsed from when this Court denied petitioner's motion for reconsideration, the Sixth Circuit would not have appellate jurisdiction in this matter, unless petitioner was granted an extension of time.

Fed.R.App.P. 4 (a)(5)(A) indicates that a district court may extend the time to file a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> (ii) that party shows excusable neglect or good cause.

Petitioner admits that his notice of appeal is untimely but argues that he is entitled to an extension of time to file an appeal because he did not know that he had a thirty day time period to file a notice of appeal following the denial of his motion for reconsideration.

The miscalculation of time requirements for filing a notice of appeal does not amount to excusable neglect that would justify granting an extension of time for filing a notice of appeal, absent unique circumstances. *See Barnes v. Cavazos*, 966 F. 2d 1056, 1061-1062 (6th Cir. 1992). Moreover, petitioner's *pro se* status does not amount to excusable neglect. Fed.R.App.P. 4 (a)(1) states that a notice of appeal must be filed within thirty days of the entry of the judgment or order from which the appeal is taken. While *pro se* litigants like petitioner should be given some latitude when dealing with sophisticated or complex legal issues, "there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Turner v. Smith*, 70 F. Supp. 2d 785, 787 (E.D. Mich. 1999)(quoting *Jourdan v. Jabe*, 951 F. 2d 108, 109 (6th Cir. 1991)). The time limit for filing a notice of appeal in this case was straightforward. Petitioner's miscalculation of the time for filing his appeal does not constitute excusable neglect. The motion for an extension of time to appeal is denied.

A certificate of appealability is required to appeal the denial of a motion for reconsideration in a habeas case. *See e.g. Amr v. U.S.,* 280 F. App'x. 480, 486 (6th Cir. 2008)(issue of whether district court abused its discretion in denying defendant's motion for reconsideration was not the issue he was granted authority to appeal by district court in certificate of appealability, thus rendering Court of Appeals without authority to reach the merits of claim challenging calculation of time period for filing motion for reconsideration). This Court will deny petitioner a certificate of appealability, because jurists of reason would not find this Court's resolution of petitioner's motion for reconsideration to be debatable.

The Motion for An Extension of Time For Filing a Notice of Appeal (Doc. 26) is DENIED. Petitioner is DENIED a certificate of appealability from the denial of the motion for reconsideration.

SO ORDERED.

Dated: October 18, 2018             /s/Gershwin A. Drain
                                          GERSHWIN A. DRAIN
                                          United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 18, 2018, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager

4